NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHUMEL KOTLER,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73667

Agency No. A201-217-694

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2021**
Pasadena, California

Before:  KELLY,*** M. SMITH, and FORREST, Circuit Judges.

Petitioner Shmuel Kotler petitions for review of the Board of Immigration

Appeals' (BIA) decision denying relief on his applications for asylum, withholding

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of removal, and protection under the Convention Against Torture (CAT). Kotler sought relief based on fear of future persecution and torture because he has provided information about criminals in Israel to the FBI. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

The BIA's finding that Kotler failed to show that the Israeli government is unable or unwilling to protect him if he is returned to Israel is dispositive of his applications for asylum and withholding of removal. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021); *Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013). It is also dispositive of his CAT claim, where he must prove that it is more likely than not that he will be tortured "with the consent or acquiescence of a public official." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The BIA concluded that Kotler's assertion that Israeli authorities would not protect him was entirely speculative. When asked why Kotler feared that his government would not help him if needed, he surmised officials would be upset that he sought help from the United States and not his own government. But when pressed on whether this would actually lead to his government not protecting him, he acknowledged: "I don't know, I'm not sure if they're going to protect me after this."

In his counseled petition for review, Kotler twice asserts, without further argument, that he does not believe the Israeli authorities will be able to protect him.

2

This is insufficient to "specifically and distinctly argue[] and raise[]" a challenge to the BIA's findings regarding the Israeli government's inability or unwillingness to protect him or to acquiesce in his torture. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070 (9th Cir. 2005) (quoting *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 919 (9th Cir.2001)).[1] Thus, Kotler waived any challenge to this dispositive issue, and his petition for review is

**DENIED.**

---

[1]Even if we reached the merits of the agency's finding that Kotler failed to prove that the Israeli government would allow his persecution or torture by criminals that he reported to the FBI, the evidence of record does not compel a different conclusion than that reached by the agency where Kotler relies only on his speculation that "the government of Israel might be upset because he did not go to them," and "[h]e is not sure they are going to protect him after this."